# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KIM McKEOWN, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 748 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kim McKeown seeks review of Defendant Sun Life Assurance Company of Canada's ("Sun Life") denial of long-term disability benefits, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Sun Life has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), or in the alternative, to remand the claim back to Sun Life. For the reasons provided herein, the Court denies Sun Life's motion.

## Factual Background

McKeown worked for the Society of Actuaries as a Public Relations Manager from January 26, 2005, to July 3, 2013. Compl. ¶ 13. As an employee, McKeown had long-term disability insurance benefits and life insurance benefits under the Society of Actuaries Welfare Benefits Plan ("the Plan"). *Id.* ¶ 7. Sun Life insures and underwrites the Plan and also determines eligibility for benefits under the plan. *Id.* ¶ 8.

McKeown stopped working on July 3, 2013. *Id.* The next day, McKeown filed a claim for long-term disability benefits stating she was disabled due to fibromyalgia, chemical

sensitivities, chronic pain, insomnia, and post-concussive syndrome. *Id.* ¶¶ 17, 21; *see also* Def.'s Ex. A, Appeal Decision at 4.

Sun Life denied McKeown's claim on March 17, 2014, and terminated her life insurance coverage as well. *Id.* ¶ 27. McKeown requested a review of the adverse benefit determination on August 26, 2014. *Id.* ¶ 28. On September 5, 2014, Sun Life requested (1) evidence substantiating the fall that caused her concussion in early 2010, including any accident reports and insurance claims or settlements; (2) healthcare provider restrictions on driving and any evidence of employer accommodations; (3) evidence substantiating McKeown's claim that her symptoms were exacerbated by her employer when her workstation was relocated to a different part of the building; (4) files from the Social Security Administration ("SSA") showing that McKeown had made a claim for SSA benefits; (5) a signed Claimant Questionnaire; (6) pharmacy records substantiating the dosages of medications prescribed to Mckeown; and (7) any additional medical records. *Id.* ¶ 30. Sun Life also requested McKeown's employment records and the raw data that formed the basis of her neuropsychologist's report. *Id.* ¶ 31.

Plaintiff alleges that Sun Life has received all requested information except the raw data underlying her neuropsychologist's report (which, Plaintiff argues, Sun Life can obtain during discovery). *Id.* ¶ 36. Defendant contends that Sun Life did not receive the raw data or the Social Security Disability claim file, despite four additional requests on October 28, 2014, November 14, 2014, November 19, 2014, and December 4, 2014. Def.'s Mot. J. Pleadings 5.

Sun Life upheld the denial of McKeown's claim for benefits and termination of her life insurance coverage on January 9, 2015. Compl. ¶ 37. Plaintiff filed her lawsuit seeking review of Sun Life's denial under the Plan on January 19, 2016.

**Legal Standard**

"Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007); *see N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) ("The pleadings include the complaint, the answer, and any written instruments attached as exhibits.") "A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014); *see also Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). Therefore, to survive the motion, the complaint must "state a claim to relief that is plausible on its face," and contain factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams*, 742 F.3d at 728 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Judgment on the pleadings is only appropriate when "a court determines that there is no material issue of fact presented and that one party is clearly entitled to judgment." *Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982); *see also Moss*, 473 F.3d at 698 ("Only when it appears beyond a reasonable doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion.").

**Analysis**

As an initial matter, the Court must decide whether it is proper to consider six exhibits that Defendant attaches to its motion. To be considered in the context of a Rule 12 motion, any documents offered by the parties must be both referenced in the complaint and central to the

allegations contained therein. *See Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (emphasis added). Here, the Court may properly consider Exhibits A through C to Defendant's motion, because the complaint explicitly refers to the documents and they are central to the Plaintiff's claim. Exhibit A is the January 9, 2015, letter from Sun Life to Plaintiff's attorney, constituting the decision denying Plaintiff's appeal. It appears numerous times in the Complaint and is central to Plaintiff's claim that "[d]espite receiving ample corroborating evidence Sun Life specifically requested, it still disregarded all the treating physicians' opinions and all the witness observations." Compl. ¶¶ 35, 37. Exhibits B and C are letters, dated September 5, 2014, issued by Sun Life to Plaintiff's attorney and psychologist, requesting additional information regarding Plaintiff's claims. They are specifically referenced in the Complaint (*id.* ¶ 30) and central to Plaintiff's claim that Sun Life denied her claim even though she had provided all of the information that the company had requested of her. *Id.* ¶ 32.

On the other hand, Exhibits D through I, which consist of Sun Life's letters requesting Plaintiff's raw neuropsychological data as well as SSA claim files, are not specifically referenced in the Complaint, and the Court will not consider them for the purposes of deciding the present motion. Defendant cites to Paragraph 31 of the Complaint, but that paragraph only alleges that Sun Life had requested the raw data files at one point in time; no mention is made of the letters attached as Exhibits D through I to Defendant's motion.

Turning to the substantive arguments raised by Defendant, Sun Life first moves for judgment on the pleadings on the basis that McKeown had failed to cooperate during the claim review process. In support, Sun Life relies on *Bali v. Blue Cross and Blue Shield Association*, 873 F.2d 1043 (7th Cir. 1989), *overruled on other grounds*, *Diaz v. Prudential Ins. Co. of Am.*, 424 F.3d 635 (7th Cir. 2005). But, *Bali* was decided on a motion for summary judgment, rather

4

than a motion for judgment on the pleadings. *Id.* at 1047. Accordingly, the *Bali* court had the benefit of the entire factual record. *See id.* In contrast, here, the Court may only consider the allegations in the Complaint, the insurance policy attached to the Complaint, and Exhibits A through C accompanying Defendant's motion.

Having reviewed these materials, the Court finds that material issues of fact exist and denies Sun Life's motion for judgment on the pleadings. The parties plainly dispute whether McKeown has presented sufficient proof of her claim to warrant a favorable appeal determination. Section VII of the insurance policy states, "Proof of Claim for disability must include evidence demonstrating the disability, including, but not limited to, hospital records, Physician records, Psychiatric records, x-rays, narrative reports, or other diagnostic testing materials as appropriate for the disabling condition." Compl., Ex. 1, Long Term Disability Insurance Plan, Section VII, at CLMS000141. Determining whether McKeown submitted sufficient proof of her claim will require the Court to review all of the records and materials that Plaintiff had provided to Sun Life, not merely the pleadings, and thus judgment on the pleadings is not appropriate.

In the alternative, Sun Life requests that the Court remand the matter to the plan administrator. A remand for further proceedings is proper if, after reviewing the plan administrator's decision, the Court concludes that the decision does not pass muster under the appropriate standard of review. *See Leger v. Tribune Co. Long Term Disability Benefit Plan*, 557 F.3d 823, 835 (7th Cir. 2009). However, in this case, the Court has yet to decide the soundness of the plan administrator's decision. Accordingly, any discussion of a remand is premature. *See, e.g., Am. Med. Ass'n v. United Healthcare Corp.*, No. 00 Civ. 2800(LMM)(GWG), 2002 WL 31413668, at *6 (N.D. Ill. Oct. 23, 2002) (stating that the

5

pleadings stage is "[q]uite simply, . . . not the time to be discussing a remand"). This is undoubtedly why all of the cases cited by Sun Life involved remand orders issued after rulings on motions for summary judgment. *See* Def.'s Mem. Supp. Mot. J. Pleadings/Remand 8–9, 11–12. Accordingly, the Court denies Sun Life's motion to remand.

For the reasons stated herein, the Court denies Defendant's motion for judgment on the pleadings, or in the alternative, for remand [18].

Date:  9/9/16                                                                                              /s/ John Z. Lee